IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 33828-2-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| JEFFREY LEONARD HUESTIES, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, J. — Mr. Huesties was convicted of theft of rental property after he failed to return a dehumidifier to Pasco Rentals. We affirm.

## FACTS

On October 30, 2014, Jeffrey Huesties, accompanied by another man, rented a dehumidifier from Pasco Rentals. When Mr. Huesties did not return the dehumidifier, Pasco Rentals sent Mr. Huesties a certified letter to the address he provided in the rental contract. The post office attempted to deliver the letter to Mr. Huesties three times, but it was ultimately returned as unclaimed. On November 19, Pasco Rentals left a voicemail for Mr. Huesties on his mobile phone. Mr. Huesties called back the following day and stated he would return the dehumidifier that day. He did not. On November 21, an employee from Pasco Rentals went to Mr. Huesties's address and spoke with his mother. Mr. Huesties's mother did not know where the dehumidifier was.

Mr. Huesties was charged by information with one count of theft of rental property. During trial, Mr. Huesties offered an explanation for what happened to the dehumidifier. He testified he was riding in a truck with two longtime family friends, John and Lisa,[1] when another friend, Tony Rodriquez, called him. Mr. Huesties testified Mr. Rodriquez needed a dehumidifier, but was unable to rent one because he lacked valid identification. Mr. Huesties said he rented the dehumidifier on Mr. Rodriquez's behalf, believing Mr. Rodriquez would return the dehumidifier and pay for it. Mr. Huesties testified he met Mr. Rodriquez one month prior to renting the dehumidifier. He did not know Mr. Rodriquez's last name at the time. He eventually obtained Mr. Rodriquez's mobile phone number. According to Mr. Huesties, Mr. Rodriquez lived in apartments or condominiums located on West Sylvester Street in Pasco. Mr. Huesties admitted he did not provide this address to his attorney until one month before trial. He did not provide Mr. Rodriquez's address to the State until the morning of trial. A police officer was sent to investigate the address during trial and contacted the tenant and landlord for the Sylvester Street address. Mr. Rodriquez was not living at the address, and the current landlord and tenant had no knowledge of him. It appears the property was in foreclosure

---

[1] The State mistakenly refers to Lisa as Sue a few times in the record. As no last names for these individuals are provided in the record, reference here is made to their first names. No disrespect is intended by doing so.

at the time Mr. Huesties claims Mr. Rodriquez was living there.

Mr. Huesties acknowledged speaking with Pasco Rentals over the phone about the return of the dehumidifier, but claimed he never received the certified letters because the post office does not deliver to his home due to his dogs. Mr. Huesties testified he looked for Mr. Rodriquez but was unable to find him. He claimed Mr. Rodriquez's mobile phone had been disconnected. He also claimed to have gone to Mr. Rodriquez's residence, only to learn he had moved out. Mr. Huesties testified he spoke with some of Mr. Rodriquez's neighbors but was unable to obtain a forwarding address. He made no further efforts to locate Mr. Rodriquez, never returned the dehumidifier, and had no further contact with Pasco Rentals. Neither Mr. Rodriquez, John, nor Lisa were called to testify.

Relevant to this appeal, the jury was given the three following instructions:

Instruction 9

You may presume intent to deprive if the person who rented or leased the property failed to return or make arrangements acceptable to the owner of the property or the owner's agent to return the property to the owner or the owner's agent within seventy-two hours after receipt of proper notice following the due date of the rental, lease, lease-purchase, or loan agreement.

Instruction 10

"Proper notice" means a written demand by the owner or the owner's agent

3

made after the due date of the rental, lease, lease-purchase, or loan period, mailed by certified or registered mail to the renter, lessee, or borrower at: (a) The address the renter, lessee, or borrower gave when the contract was made; or (b) the renter, lessee, or borrower's last known address if later furnished in writing by the renter, lessee, borrower, or the agent of the renter, lessee, or borrower.

. . . .

Instruction 12

If a person who could have been a witness at the trial is not called to testify, you may be able to infer that the person's testimony would have been unfavorable to a party in the case. You may draw this inference only if you find that:
(1) The witness is within the control of, or peculiarly available to, that party;
(2) The issue on which the person could have testified is an issue of fundamental importance, rather than one that is trivial or insignificant;
(3) As a matter of reasonable probability, it appears naturally in the interest of that party to call the person as a witness;
(4) There is no satisfactory explanation of why the party did not call the person as a witness; and
(5) The inference is reasonable in light of all the circumstances.

Clerk's Papers at 48-49, 51.

Defense counsel stated on the record that he had no objections to any of the jury instructions. The trial court did not specify whether instruction number 12 applied to Lisa, John, Mr. Rodriquez, or some combination of the three. The prosecutor argued the missing witness inference as to all three during closing arguments. The jury found Mr. Huesties guilty. Mr. Huesties appeals.

ANALYSIS

*Sufficiency of evidence*

Mr. Huesties was charged with two alternative means for committing theft of rental property: (1) wrongfully obtaining the rental property, and (2) exerting unauthorized control over the rental property. He challenges the sufficiency of the State's evidence as to the first means. Mr. Huesties's conviction can be affirmed if there is sufficient evidence to support the theory that he wrongfully obtained the rental property. *See State v. Ortega-Martinez*, 124 Wn.2d 702, 707-08, 881 P.2d 231 (1994).

The evidence provided at least two ways that the jury could find Mr. Huesties wrongfully obtained the dehumidifier. First, the agreement with Pasco Rentals required Mr. Huesties to use the dehumidifier at the address listed on the agreement. Mr. Rodriguez's address was not listed. Given this circumstance, even taking Mr. Huesties's testimony as true, the jury was provided sufficient evidence to find wrongful acquisition. Second, the State supplied ample reasons to discredit Mr. Huesties's testimony.[2] Based on the contradictions in Mr. Huesties's testimony, the jury could infer Mr. Huesties's true

---

[2] Mr. Huesties's explanation of the incident is undermined by his limited information about Mr. Rodriguez, the lack of corroborating evidence regarding Mr. Rodriguez's purported address, and Mr. Huesties's apparent evasion of Pasco Rentals' attempts to reclaim the dehumidifier.

5

intent upon renting the dehumidifier was not to lend it to Mr. Rodriguez, but to retain it indefinitely. Under either assessment of Mr. Huesties's testimony, the State presented sufficient evidence to support the theory that the property was wrongfully retained. Reversal is unwarranted.

## Ineffective assistance of counsel

Mr. Huesties contends his defense counsel was ineffective for failing to object to jury instructions 9, 10 and 12. An ineffective assistance of counsel claim may be raised for the first time on appeal. *State v. Kyllo*, 166 Wn.2d 856, 862, 215 P.3d 177 (2009). Our review is de novo. *State v. Sutherby*, 165 Wn.2d 870, 883, 204 P.3d 916 (2009). To demonstrate ineffective assistance of counsel, Mr. Huesties must show: (1) counsel's performance was deficient, and (2) counsel's errors were serious enough to prejudice the defendant. *State v. Thomas*, 109 Wn.2d 222, 225-26, 743 P.2d 816 (1987); *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

### Jury instructions 9 and 10

To be convicted of theft of rental equipment a defendant must have "intent to deprive" the owner of the rental property. RCW 9A.56.096(1). Jury instruction 9 is based on a portion of the theft of rental equipment statute that allows a jury to presume a defendant's intent to deprive the owner of the rental property if the renter does not make

6

arrangements to return the rental property within 72 hours of receipt of "proper notice." RCW 9A.56.096(2)(a). Jury instruction 10 is based on the portion of the statute that defines "proper notice" as a written demand by the rental company made after the due date of the rental period sent by certified or registered mail to either the renter's address listed on the rental contract, or to the renter's last known address provided in writing to the rental company. RCW 9A.56.096(3).

Defense counsel likely should have objected to instructions 9 and 10 under *State v. Fleming*, 155 Wn. App. 489, 497-98, 228 P.3d 804 (2010). Nevertheless, the failure to do so was not prejudicial. Unlike *Fleming*, the undisputed evidence in this case showed Mr. Huesties received actual notice the dehumidifier was past due during a phone call with the rental company.[3] This is stronger evidence of actual notice than receipt of a written document. In addition, the evidence was that Mr. Huesties personally promised to return the dehumidifier the same day as his phone call. Yet he failed to do so. Mr. Huesties's omission is more indicative of mendacity than the failure to respond to a written notice. Any error in providing instructions 9 and 10 was not prejudicial.

---

[3] In *Fleming*, the rental agency attempted to make phone contact, but there were never any conversations or messages. 155 Wn. App. at 494.

7

*Jury instruction 12*

The missing witness doctrine was properly applied in this case. The witnesses at the heart of the dispute, John, Lisa, and Mr. Rodriguez, were unknown to either the State or Pasco Rentals. Instead, they were peculiarly available to Mr. Huesties. All three potential witnesses were important, in that they could have corroborated Mr. Huesties's defense and rehabilitated his credibility. Given the difficult nature of Mr. Huesties's defense and the lack of any explanation regarding why the three witnesses were not called to testify, it would have been in Mr. Huesties's interest to call the witnesses. The inference permitted by the missing witness instruction was permissible.[4]

Citing *State v. Blair*, 117 Wn.2d 479, 816 P.2d 718 (1991), Mr. Huesties contends the missing witness instruction was improper because Mr. Rodriguez would have had to incriminate himself had he been called as a witness. We are unpersuaded. As an initial point, Mr. Huesties's argument is completely inapplicable to his friends John and Lisa. In addition, Mr. Rodriguez's testimony would not necessarily have been incriminating. Mr. Rodriguez did not sign the rental agreement. He may not have known its terms. In addition, Mr. Rodriguez might have had an innocent explanation for what happened to the

---

[4] Because the instruction was permissible, the prosecutor did not engage in misconduct by arguing from the instruction.

8

No. 33828-2-III
*State v. Huesties*

dehumidifier. It is, of course, entirely possible that Mr. Rodriguez's testimony would have been self-incriminatory. But this possibility is not sufficient to preclude a missing witness inference. *Blair*, 117 Wn.2d at 489-90.

Since none of the limitations on the missing witness doctrine apply here, a defense objection to instruction 12 would almost certainly have been overruled. *See State v. McFarland*, 127 Wn.2d 322, 337 n.4, 899 P.2d 1251 (1995). Mr. Huesties's ineffective assistance claim fails.

## CONCLUSION

The judgment and sentence of the trial court is affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____
Korsmo, J.

_____
Siddoway, J.

9